APPLICA CONSUMER PRODUCTS, INC., Appellant,

and

Waters Research Company, Appellant,

v.

INTERNATIONAL TRADE COMMISSION, Appellee,

and

Lucky Litter LLC, Intervenor,

and

OurPet's Company, Intervenor.

Lucky Litter LLC, Appellant,

and

OurPet's Company, Appellant,

v.

International Trade Commission,
Appellee,

and

Applica Consumer Products,
Inc., Intervenor,

and

Waters Research Company, Intervenor.

Nos. 2009–1292, 2009–1470, 2009–1474.

United States Court of Appeals,
Federal Circuit.

June 23, 2010.

*ORDER*

PER CURIAM.

The International Trade Commission ("Commission") determined that there was a violation of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), in the unlawful importation, sale for importation, or sate after importation by Lucky Litter LLC ("Lucky Litter") and OurPet's Company ("OurPet's") of certain self-cleaning litter boxes and components thereof, by reason of infringement of claim 33 of U.S. Patent No. RE36.847 ("the '847 patent"). The Commission issued a limited exclusion order and cease and desist orders against Lucky Litter and OurPet's covering the infringing products. Applica Consumer Products, Inc. ("Applica") and Waters Research Company ("Waters") appeal from the Commission's final determination (Case No. 2009–1292), asserting that the products infringe other claims of the same patent.

In our Order of June 11, 2010, Applica and Waters were ordered to show cause as to why their appeal should not be dismissed for lack of standing, and to show how they had been adversely affected by the Commission's order. Upon consideration of the joint response, we conclude that this case is governed by *Yingbin–Nature (Guangdong) Wood Indus. Co. v. Int'l Trade Comm'n*, 535 F.3d 1322 (Fed. Cir.2008). As in *Yingbin*, Applica and Waters lack standing to appeal the Commission's determination, as the products alleged to infringe other claims of the '847 patent have already been excluded by the Commission's order by virtue of their infringement of claim 33. It makes no difference that it is the patentee in this case, rather than the accused infringer, that seeks to appeal.

Accordingly,

IT IS ORDERED THAT:

(1) Applica and Waters' appeal No. 2009–1292 is dismissed.

(2) The parties shall rebrief appeals Nos. 2009–1470 and 2009–1474:

(a) The opening briefs by Lucky Litter and OurPet's shall be filed no later than July 9, 2010, and shall not exceed 14,000 words each, as required by Fed. R.App. P. 32(a)(7)(B). The parties shall avoid duplicative briefing.

(b) The Commission's brief shall be filed no later than July 30, 2010, and shall not exceed 14,000 words, as required by Fed. R.App. P. 32(a)(7)(B).

(c) The Intervenors Applica and Waters shall file a single brief no later than July 30, 2010, which shall not exceed 14,000 words, as required by Fed. R.App. P. 32(a)(7)(B).

(d) The reply briefs by Lucky Litter and OurPet's shall be filed no later than August 13, 2010, and shall not

exceed 7,000 words each, as required by Fed. R.App. P. 32(a)(7)(B). The parties shall avoid duplicative briefing.

(3) Applica and Waters are entitled to argue infringement of other claims of the '847 patent as alternative grounds for affirming the Commission's determination.

(4) Oral argument will be held on September 13, 2010, at 2:00 p.m.